UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY WALLACE, :
                         CIVIL ACTION NO. 3:22-0257
       Petitioner :

                         (JUDGE MANNION)
v. :

WARDEN S. SPAULDING, :

       Respondent :

## MEMORANDUM

Timothy Wallace, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Wallace challenges a January 10, 2022 denial of parole by the United States Parole Commission ("USPC"). Id. Specifically, Wallace claims that the Parole Commission violated his due process by relying on "incorrect information" and not considering "Petitioner's 27 years of working and programming" in denying him parole. Id.

A response to the petition was filed on April 8, 2023. (Doc. 9). Although Petitioner was provided an opportunity to file a traverse, none was filed. For the reasons that follow, the Court will dismiss the petition for writ of habeas corpus for Petitioner's failure to exhaust administrative remedies.

I.   **Background**

On July 15, 1986, the United States District Court for the District of Maryland sentenced Timothy Wallace, Petitioner, to a life sentence for conspiracy to violate civil rights to be followed by a consecutive ten-year sentence for witness tampering, aiding, and abetting. (Doc. 9-1 at 4-7, Sentence Monitoring Computation Data). Wallace also has another consecutive five-year non-parole eligible sentence for using a firearm during a crime of violence, aiding and abetting. Id.

On December 7, 2021, Wallace applied for his most recent parole hearing. (Doc. 9-2 at 2, Parole Form I-24).

On December 14, 2021, the USPC conducted Petitioner's parole hearing. (Doc. 9-3 at 2-11, Pre-Hearing Assessment and Hearing Summary). In conducting Wallace's hearing, the USPC reviewed and listed all of Wallace's programming in his prehearing assessment. Id. at 6. Furthermore, the USPC reviewed Wallace's programming with him at his hearing. Id. at 7. The USPC's hearing examiner also explicitly stated in his assessment that "…the offender has completed a minimal amount of programs and [it] does not appear he ever completed any counseling/psychology programs related to his underlying offense." Id. at 8.

On January 10, 2022, the USPC issued its Notice of Action denying Wallace parole, based on the following:

> After consideration of all factors and information presented, at this time, the Commission is denying your release under the standards at 18 U.S.C. §4206(d) for the following reasons: During your term of incarceration, you committed numerous serious rules infractions to include: Use of Drugs/Alcohol (x2); Possessing Drugs/Alcohol; Engaging in a Group Demonstration; and Threatening Bodily Harm. You also continue to deny any responsibility in the offense conduct and have not completed any meaningful programs that would potentially reduce your risk to reoffend. You committed a senseless crime and displayed a lack of humanity by shooting another person 5 times at close range. For these reasons, there is a reasonable probability you would commit another crime if released.

(Doc. 9-4 at 2-3, Notice of Action).

To date, Wallace has not administratively appealed the USPC's January 10, 2022, decision to the USPC's National Appeals Board. (Doc. 9-5 at 2, Declaration of Gregory Thornton, Assistant Counsel for the USPC).

## II. **Discussion**

Respondent argues that Wallace's petition should be dismissed based on his failure to exhaust his administrative remedies prior to seeking review in federal court. Despite the absence of a statutory exhaustion requirement

attached to §2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under §2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Significantly, exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). See also, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (concluding exhaustion is not required where petitioner demonstrates futility); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

In the instant case, the record establishes that on January 10, 2022, the Parole Commission denied Petitioner parole at the end of his hearing. (Doc. 9-4 at 2). The January 10, 2022 Notice of Action clearly indicated that the decision is appealable to the National Appeals Board. Id. Yet, Petitioner never appealed that decision to the National Appeals Board. (Doc. 9-5 at 2). Petitioner does not refute this. Thus, it is apparent that Petitioner never exhausted his administrative remedies with respect to the most recent decision to deny him parole.

## III. Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is dismissed without prejudice for Petitioner's failure to exhaust administrative remedies.

A separate Order will issue.

MALACHY E. MANNION
United States District Judge

DATED: July 13, 2023
22-0257-01